Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1786 | **DATE** | 9/8/2009 |
| **CASE TITLE** |  | Colida vs. Panasonic Corp., et al. | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court vacates its order of June 5, 2009 granting plaintiff leave to proceed *in forma pauperis*. Unless plaintiff pays the filing fee in full by September 22, 2009, the Court will dismiss his action without prejudice. The Court enters and continues defendants' motion to dismiss or in the alternative to transfer.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Tony Colida filed suit against Panasonic Corp. of North America for infringement of U.S. Design Patent No. 321,184. He later filed an amended complaint adding Panasonic Corp. as a defendant. The Court will refer to the defendants collectively as Panasonic. The Court granted Mr. Colida leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) because it appeared from his financial affidavit that he is unable to pay the usual filing fee.

Panasonic has moved the Court to dismiss the case on the ground that it is frivolous or, in the alternative, to transfer it to the District of New Jersey, where Mr. Colida has pursued similar claims against Panasonic. Under 28 U.S.C. §1915(e)(2), a court "shall dismiss" a case in which it has granted leave to proceed *in forma pauperis* if the court determines that the allegation of inability to pay is untrue or the action "is frivolous or malicious," fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In support of its motion to dismiss, Panasonic contends that this suit repeats claims that Mr. Colida pursued against Panasonic in the District of New Jersey in 2005. A judge in that court denied Mr. Colida leave to proceed *in forma pauperis*. It is not entirely clear what happened in the district court after that – in other words, whether the court also dismissed Mr. Colida's claims on the merits or instead simply denied him leave to proceed *in forma pauperis* and, perhaps, dismissed the underlying claims without prejudice. "Although a district judge has discretion to deny leave to proceed in forma pauperis and to dismiss a claim without prejudice, *see Denton v. Hernandez*, 504 U.S. 25 (1992), a dismissal with prejudice is proper only when the action is frivolous or malicious. *Neitzke v. Williams*, 490 U.S. 319 (1989)." *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992). Mr. Colida appears to have attempted to take an appeal to the United States Court of Appeals for the Federal Circuit from the decision of the court in New Jersey, but from what this Court can tell that appeal concerned only the district court's denial of leave to proceed *in forma pauperis*.

| STATEMENT |
|---|

Based upon the record before the Court, the Court cannot say that the court in New Jersey dismissed Mr. Colida's suit on the merits.

That said, even if all the New Jersey court did was to deny leave to proceed *in forma pauperis*, that decision is still significant for present purposes. As a different judge in the District of New Jersey concluded when Mr. Colida filed a new suit there and again sought leave to proceed *in forma pauperis*, "[p]laintiff is not entitled to take a third bite at the apple simply by re-filing the application with a different Judge . . . ." *Colida v. Panasonic Corp. of N. Am.*, No. 09-1316 (JLL), Order of Mar. 31, 2009 at 2. Mr. Colida's remedy for the first New Jersey court's allegedly improper denial of his application to proceed *in forma pauperis* was reconsideration and/or appeal (both of which he attempted and, evidently, lost), not filing a fresh suit and a fresh *i.f.p.* application in a different district.

In his response to Panasonic's motion to dismiss, Mr. Colida does not contend that his current suit is any different from the two he filed, or attempted to file, in the District of New Jersey. Rather, he contends that the court in New Jersey "has been prejudice[d] against myself because in view of my poverty situation it denied my right to proceed in forma pauperis and I believe their [sic] is a conspiracy going on with the District Court of New Jersey and [it] has acted in prejudice against myself . . . ." Pl. Resp. at 1. In other words, Mr. Colida is *expressly* asking for a new opportunity to do what the District of New Jersey ruled he cannot do, that is, proceed with the case *in forma pauperis*. For the reasons the Court has described, an appeal was the remedy for any error that the District of New Jersey may have committed, not a new application to proceed *in forma pauperis* filed in a different court with the hope of a different outcome.

For these reasons, the Court vacates its order of June 5, 2009 granting Mr. Colida leave to proceed *in forma pauperis*. Unless Mr. Colida pays the filing fee in full by September 22, 2009, the Court will dismiss his action without prejudice. The Court enters and continues defendants' motion to dismiss or in the alternative to transfer.