# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### NOTICE OF ENTRY OF
### JUDGMENT ACCOMPANIED BY OPINION

**F I L E D**
5-10-2010
MAY 1 0 2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

OPINION FILED AND JUDGMENT ENTERED: 05/04/10

The attached opinion announcing the judgment of the court in your case was filed and judgment was entered on the date indicated above. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and petitions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the Appellant(s) under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.

JAN HORBALY
Clerk

cc:    Tony Colida
       Tadashi Horie

COLIDA V PANASONIC, 2009-1582
DCT - ND/IL, 09-CV-1786

*09CV 1786*

*09cv1786*

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1582

**FILED**

*5 - 10 - 2010*

MAY 1 0 2010

TONY COLIDA,

MICHAEL W. DOBBINS

Plaintiff-Appellant, CLERK, U.S. DISTRICT COURT

v.

PANASONIC CORPORATION OF NORTH AMERICA
and PANASONIC CORPORATION,

Defendants-Appellees.

Tony Colida, of St. Laurent, Quebec, Canada, pro se.

Tadashi Horie, Brinks Hofer Gilson & Lione, of Chicago, Illinois, for defendants-appellees.

Appealed from: United States District Court for the Northern District of Illinois

Judge Matthew F. Kennelly

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1582

TONY COLIDA,

Plaintiff-Appellant,

v.

PANASONIC CORPORATION OF NORTH AMERICA
and PANASONIC CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Illinois in case no. 09-CV-1786, Judge Matthew F. Kennelly.

---

DECIDED: May 4, 2010

---

Before RADER, DYK, and PROST, Circuit Judges.

PER CURIAM.

Tony Colida ("Colida") appeals a denial by the United States District Court for the Northern District of Illinois of his application to proceed in forma pauperis. The court required Colida to pay the filing fee, and when he did not do so, the court dismissed his complaint without prejudice. We affirm.

## BACKGROUND

On March 23, 2009, Colida filed a complaint against Panasonic Corporation of North America, a wholly-owned subsidiary of Panasonic Corporation (collectively, "Panasonic"), in the United States District Court for the Northern District of Illinois alleging infringement of U.S. Design Patent No. 321,184, which disclosed a design for a

portable cellular telephone.  Complaint at 1–2, <u>Colida v. Panasonic Corp. of N. Am.</u>, No. 09-CV-1786 (N.D. Ill. Mar. 23, 2009).  He sought damages of $1 billion.  <u>Id.</u> at 3.  He applied to the court for leave to proceed in forma pauperis, which the court granted on June 5, 2009.  Panasonic then moved the district court to dismiss the complaint as frivolous or, in the alternative, to transfer the case to the District of New Jersey, where Colida had previously pursued identical claims against the company.

On September 8, 2009, the district court vacated its June 5 order granting Colida leave to proceed in forma pauperis.  <u>Colida v. Panasonic Corp. of N. Am.</u>, No. 09-CV-1786 (N.D. Ill. Sept. 8, 2009) (minute order vacating order of June 5, 2009).  The court noted that the District of New Jersey had already twice denied Colida leave to proceed in forma pauperis in identical actions against Panasonic.  <u>Id.</u> at 2.  The district court in the present action also noted that "Colida is <u>expressly</u> asking for a new opportunity to do what the District of New Jersey ruled he cannot do, that is, proceed with the case <u>in forma pauperis</u>."  <u>Id.</u>  Colida asserted that it was necessary for him to refile in another venue because there "is a conspiracy going on with the District Court of New Jersey" and that the court there "acted in prejudice against myself."  <u>Id.</u>  However, the court concluded that "an appeal was the remedy for any error that the District of New Jersey may have committed, not a new application to proceed <u>in forma pauperis</u> filed in a different court with the hope of a different outcome."  <u>Id.</u>  The court vacated its earlier order granting Colida leave to proceed in forma pauperis and required him to pay the filing fee.  Colida did not do so, and the court dismissed the complaint without prejudice.

Colida timely appealed, and we granted him leave to proceed in forma pauperis on this appeal.  The denial of an in forma pauperis application is an appealable order.

Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal., 339 U.S. 844, 845 (1950) (per curiam).

Thus, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Courts have discretion under 28 U.S.C. § 1915 to grant in forma pauperis status

to litigants. See Denton v. Hernandez, 504 U.S. 25, 33–34 (1992). As such, we review

a denial of an in forma pauperis application for an abuse of that discretion. See id.;

Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948). "An abuse of

discretion may be established under Federal Circuit law by showing that the court made

a clear error of judgment in weighing the relevant factors or exercised its discretion

based on an error of law or clearly erroneous fact finding." Qingdao Taifa Group Co. v.

United States, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (quoting Lab. Corp. of Am.

Holdings v. Chiron Corp., 384 F.3d 1326, 1331 (Fed. Cir. 2004)) (quotation marks

omitted). We conclude that the district court did not abuse its discretion in denying

Colida in forma pauperis status.

As the district court noted, Colida had already been denied in forma pauperis

status in two actions against Panasonic in the District of New Jersey alleging the same

claim of infringement.[1]  In the first action, the New Jersey district court denied Colida's

application for in forma pauperis status because Colida had collected $152,000 in

licensing fees as settlements in various lawsuits over the previous four years, and the

court concluded that Colida's design patent therefore also had significant value. Colida

---

[1]     Colida had also in fact filed a third action in the Southern District of New
York seeking the same relief.  In the same order, that court granted in forma pauperis
status and dismissed the action as "duplicative" in light of the still-pending first action in
the District of New Jersey. See Colida v. Panasonic Corp. of N. Am., No. 07-CV-4553
(S.D.N.Y. May 30, 2007) (order of dismissal).

v. Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. Apr. 11, 2006) (letter order).
Colida appealed to this court.  We dismissed his appeal as untimely.  Colida v.
Panasonic Corp. of N. Am., 188 F. App'x 978 (Fed. Cir. 2006).  Colida then filed a
"Motion to Reinstate the Action and Grant In Forma Pauperis Status" with the district
court.  The court construed the motion as seeking reconsideration of its previous orders
on Colida's application for in forma pauperis status.  The court denied the motion as
untimely and for failing to meet the necessary standard for reconsideration.  Colida v.
Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. Dec. 22, 2008) (order denying
reconsideration).  Colida then filed another motion with the district court seeking to
reopen the case and seeking recusal of the district court judge, which was also denied.
Colida v. Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. May 27, 2009) (order
denying motion to reopen and for recusal).  Colida again appealed to this court,
challenging the district court's December 2008 denial of reconsideration, but we
dismissed after Colida failed to comply with an order requiring payment of the docketing
fee or notification that he had moved in the district court for leave to proceed in forma
pauperis on appeal.  Colida v. Panasonic Corp. of N. Am., No. 2009-1255, 2009 WL
5609557 (Fed. Cir. Aug. 17, 2009).

Even while these events with respect to the first action were ongoing, Colida filed
a second identical action in the District of New Jersey.  The court dismissed the action
as frivolous.  Colida v. Panasonic Corp. of N. Am., No. 09-CV-1316 (D.N.J. Mar. 31,
2009) (order dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) in light
of previous action, which was still on appeal).  Colida did not appeal.

The District of New Jersey in Colida's first action against Panasonic concluded that Colida did not qualify for in forma pauperis status because of the value of his patent and approximately $152,000 in settlements he had received from other lawsuits. Once the court denied reconsideration and Colida failed to timely appeal that decision, the issue was resolved.  Unless Colida alleged and presented new facts to the district court to demonstrate that his financial situation had deteriorated, the district court's denial of in forma pauperis status in the present case was not an abuse of discretion. While Colida alleges that he is "on welfare [and] not working due to depression of infringement of [his] U.S. design patent," Appellant's Informal Br. 1, he did not establish before the district court that there had been a change in his financial situation since the dismissal by the New Jersey court.

The Supreme Court has cautioned that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Thus, "[i]t is vital that the right to file in forma pauperis not be incumbered by those who would abuse the integrity of our process by frivolous filings." Zatko v. California, 502 U.S. 16, 18 (1991) (per curiam) (quoting In re Amendment to Rule 39, 500 U.S. 13, 13 (1991)) (quotation marks omitted).  Colida seems to be the type of litigant the Supreme Court had in mind.  He has filed dozens of lawsuits against at least fourteen large corporate defendants, seeking up to $1 billion in damages.  See Colida v. Nokia, Inc., 347 F. App'x 568, 569 (Fed. Cir. 2009).  We have previously admonished Colida for his "pattern of repeatedly filing meritless infringement complaints and pursuing appeals when the accused designs bear no realistic similarity to his

design patents," Colida v. Sharp Elecs. Corp., 125 F. App'x 993, 996 (Fed. Cir. 2005); see also Nokia, 347 F. App'x at 571, and imposed sanctions against him, see Colida v. Sanyo N. Am. Corp., No. 2004-1287, 2004 WL 2853034 (Fed. Cir. Dec. 2, 2004). The Southern District of New York has even issued an injunction, which we affirmed, preventing Colida from filing any new infringement suits in that district relating to his four design patents without first obtaining permission from the district court. See Nokia, 347 F. App'x at 571.

Once the District of New Jersey denied Colida's in forma pauperis application, he was not free to take a second, third, or fourth bite at the apple in other courts. Under the circumstances of this case, we could, and perhaps should, vacate our earlier order granting leave to proceed in forma pauperis. However, in the interest of expedition, we simply affirm the district court's denial of leave to proceed in forma pauperis.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

_Questions and Answers_

**Petitions for Panel Rehearing (Fed. Cir. R. 40)**
**and**
**Petitions for Hearing or Rehearing En Banc (Fed. Cir. R. 35)**

---

_Q. When is a petition for panel rehearing appropriate?_

A. Petitions for panel rehearing are rarely considered meritorious. Consequently, it is easiest to first answer when a petition for panel rehearing is not appropriate. A petition for panel rehearing should not be used to reargue issues already briefed and orally argued. If a party failed to persuade the court on an issue in the first instance, they do not get a second chance. This is especially so when the court has entered a judgment of affirmance without opinion under Fed. Cir. R. 36, as a disposition of this nature is used only when the appellant/petitioner has utterly failed to raise any issues in the appeal that require an opinion to be written in support of the court's judgment of affirmance.

Thus, as a usual prerequisite, the court must have filed an opinion in support of its judgment for a petition for panel rehearing to be appropriate. Counsel seeking panel rehearing must be able to identify in the court's opinion a material error of fact or law, the correction of which would require a different judgment on appeal.

_Q. When is a petition for rehearing en banc appropriate?_

A. En banc decisions are extraordinary occurrences. To properly answer the question, one must first understand the responsibility of a three-judge merits panel of the court. The panel is charged with deciding individual appeals according to the law of the circuit as established in the court's precedential opinions. While each merits panel is empowered to enter precedential opinions, the ultimate duty of the court en banc is to set forth the law of the Federal Circuit, which merits panels are obliged to follow.

Thus, as a usual prerequisite, a merits panel of the court must have entered a precedential opinion in support of its judgment for a petition for rehearing en banc to be appropriate. In addition, the party seeking rehearing en banc must show that either the merits panel has failed to follow decisions of the Supreme Court of the United States or Federal Circuit precedential opinions, or that the

merits panel has followed circuit precedent, which the party seeks to have overruled by the court en banc.

_Q. How frequently are petitions for panel rehearing granted by merits panels or petitions for rehearing en banc granted by the court?_

A. The data regarding petitions for panel rehearing since 1982 shows that merits panels granted some relief in only three percent of the petitions filed. The relief granted usually involved only minor corrections of factual misstatements, rarely resulting in a change of outcome in the decision.

En banc petitions have been granted less frequently. Historically, the court has initiated en banc review in a few of the appeals decided en banc since 1982.

_Q. Is it necessary to have filed either of these petitions before filing a petition for certiorari in the U.S. Supreme Court?_

A. No. All that is needed is a final judgment of the Court of Appeals.