FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 19 2010
May 19 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TONY COLIDA

    PLAINTIFF,

v.                                                        NO. 09-CV-1786 (MFK)

PANASONIC NORTH AMERICA CORPORATION
and PANASONIC CORPORATION,

    DEFENDANTS.

## NOTICE AND MOTION TO VACATE DISMISSAL ORDER AND REINSTATE

In view of the U. S. Court of Appeals (Federal Circuit)'s decision of May 4, 2010, Docket No. 2009-1582 copy enclosed, Plaintiff herewith request from this Court to vacate its prior dismissal order and to reinstate this case because Plaintiff is paying and enclosing a check for $350.00 (three hundred and fifty), for the filing fees of this case.

I declare under the penalty of perjury the above is true and correct.

Date: May 12, 2010

Respectfully submitted,

_____
Mr. Tony Colida (plaintiff, pro se)
750 Montpellier Boulevard
Suite: 1210
St. Laurent, Quebec, H4L 5A7
CANADA

Tel.: (514) 512-1888

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1582

TONY COLIDA,

Plaintiff-Appellant,

v.

PANASONIC CORPORATION OF NORTH AMERICA
and PANASONIC CORPORATION,

Defendants-Appellees.

Tony Colida, of St. Laurent, Quebec, Canada, pro se.

Tadashi Horie, Brinks Hofer Gilson & Lione, of Chicago, Illinois, for defendants-appellees.

Appealed from: United States District Court for the Northern District of Illinois

Judge Matthew F. Kennelly

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1582

TONY COLIDA,

Plaintiff-Appellant,

v.

PANASONIC CORPORATION OF NORTH AMERICA
and PANASONIC CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Illinois in case no. 09-CV-1786, Judge Matthew F. Kennelly.

DECIDED: May 4, 2010

Before RADER, DYK, and PROST, Circuit Judges.

PER CURIAM.

Tony Colida ("Colida") appeals a denial by the United States District Court for the Northern District of Illinois of his application to proceed in forma pauperis. The court required Colida to pay the filing fee, and when he did not do so, the court dismissed his complaint without prejudice. We affirm.

## BACKGROUND

On March 23, 2009, Colida filed a complaint against Panasonic Corporation of North America, a wholly-owned subsidiary of Panasonic Corporation (collectively, "Panasonic"), in the United States District Court for the Northern District of Illinois alleging infringement of U.S. Design Patent No. 321,184, which disclosed a design for a

portable cellular telephone. Complaint at 1–2, <u>Colida v. Panasonic Corp. of N. Am.</u>, No. 09-CV-1786 (N.D. Ill. Mar. 23, 2009). He sought damages of $1 billion. <u>Id.</u> at 3. He applied to the court for leave to proceed in forma pauperis, which the court granted on June 5, 2009. Panasonic then moved the district court to dismiss the complaint as frivolous or, in the alternative, to transfer the case to the District of New Jersey, where Colida had previously pursued identical claims against the company.

On September 8, 2009, the district court vacated its June 5 order granting Colida leave to proceed in forma pauperis. <u>Colida v. Panasonic Corp. of N. Am.</u>, No. 09-CV-1786 (N.D. Ill. Sept. 8, 2009) (minute order vacating order of June 5, 2009). The court noted that the District of New Jersey had already twice denied Colida leave to proceed in forma pauperis in identical actions against Panasonic. <u>Id.</u> at 2. The district court in the present action also noted that "Colida is <u>expressly</u> asking for a new opportunity to do what the District of New Jersey ruled he cannot do, that is, proceed with the case <u>in forma pauperis</u>." <u>Id.</u> Colida asserted that it was necessary for him to refile in another venue because there "is a conspiracy going on with the District Court of New Jersey" and that the court there "acted in prejudice against myself." <u>Id.</u> However, the court concluded that "an appeal was the remedy for any error that the District of New Jersey may have committed, not a new application to proceed <u>in forma pauperis</u> filed in a different court with the hope of a different outcome." <u>Id.</u> The court vacated its earlier order granting Colida leave to proceed in forma pauperis and required him to pay the filing fee. Colida did not do so, and the court dismissed the complaint without prejudice.

Colida timely appealed, and we granted him leave to proceed in forma pauperis on this appeal. The denial of an in forma pauperis application is an appealable order.

Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal., 339 U.S. 844, 845 (1950) (per curiam). Thus, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Courts have discretion under 28 U.S.C. § 1915 to grant in forma pauperis status to litigants. See Denton v. Hernandez, 504 U.S. 25, 33–34 (1992). As such, we review a denial of an in forma pauperis application for an abuse of that discretion. See id.; Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948). "An abuse of discretion may be established under Federal Circuit law by showing that the court made a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding." Qingdao Taifa Group Co. v. United States, 581 F.3d 1375, 1379 (Fed. Cir. 2009) (quoting Lab. Corp. of Am. Holdings v. Chiron Corp., 384 F.3d 1326, 1331 (Fed. Cir. 2004)) (quotation marks omitted). We conclude that the district court did not abuse its discretion in denying Colida in forma pauperis status.

As the district court noted, Colida had already been denied in forma pauperis status in two actions against Panasonic in the District of New Jersey alleging the same claim of infringement.[1] In the first action, the New Jersey district court denied Colida's application for in forma pauperis status because Colida had collected $152,000 in licensing fees as settlements in various lawsuits over the previous four years, and the court concluded that Colida's design patent therefore also had significant value. Colida

---

[1] Colida had also in fact filed a third action in the Southern District of New York seeking the same relief. In the same order, that court granted in forma pauperis status and dismissed the action as "duplicative" in light of the still-pending first action in the District of New Jersey. See Colida v. Panasonic Corp. of N. Am., No. 07-CV-4553 (S.D.N.Y. May 30, 2007) (order of dismissal).

v. Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. Apr. 11, 2006) (letter order). Colida appealed to this court. We dismissed his appeal as untimely. Colida v. Panasonic Corp. of N. Am., 188 F. App'x 978 (Fed. Cir. 2006). Colida then filed a "Motion to Reinstate the Action and Grant In Forma Pauperis Status" with the district court. The court construed the motion as seeking reconsideration of its previous orders on Colida's application for in forma pauperis status. The court denied the motion as untimely and for failing to meet the necessary standard for reconsideration. Colida v. Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. Dec. 22, 2008) (order denying reconsideration). Colida then filed another motion with the district court seeking to reopen the case and seeking recusal of the district court judge, which was also denied. Colida v. Panasonic Corp. of N. Am., No. 05-CV-5527 (D.N.J. May 27, 2009) (order denying motion to reopen and for recusal). Colida again appealed to this court, challenging the district court's December 2008 denial of reconsideration, but we dismissed after Colida failed to comply with an order requiring payment of the docketing fee or notification that he had moved in the district court for leave to proceed in forma pauperis on appeal. Colida v. Panasonic Corp. of N. Am., No. 2009-1255, 2009 WL 5609557 (Fed. Cir. Aug. 17, 2009).

Even while these events with respect to the first action were ongoing, Colida filed a second identical action in the District of New Jersey. The court dismissed the action as frivolous. Colida v. Panasonic Corp. of N. Am., No. 09-CV-1316 (D.N.J. Mar. 31, 2009) (order dismissing complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) in light of previous action, which was still on appeal). Colida did not appeal.

The District of New Jersey in Colida's first action against Panasonic concluded that Colida did not qualify for in forma pauperis status because of the value of his patent and approximately $152,000 in settlements he had received from other lawsuits. Once the court denied reconsideration and Colida failed to timely appeal that decision, the issue was resolved. Unless Colida alleged and presented new facts to the district court to demonstrate that his financial situation had deteriorated, the district court's denial of in forma pauperis status in the present case was not an abuse of discretion. While Colida alleges that he is "on welfare [and] not working due to depression of infringement of [his] U.S. design patent," Appellant's Informal Br. 1, he did not establish before the district court that there had been a change in his financial situation since the dismissal by the New Jersey court.

The Supreme Court has cautioned that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Thus, "[i]t is vital that the right to file in forma pauperis not be incumbered by those who would abuse the integrity of our process by frivolous filings." Zatko v. California, 502 U.S. 16, 18 (1991) (per curiam) (quoting In re Amendment to Rule 39, 500 U.S. 13, 13 (1991)) (quotation marks omitted). Colida seems to be the type of litigant the Supreme Court had in mind. He has filed dozens of lawsuits against at least fourteen large corporate defendants, seeking up to $1 billion in damages. See Colida v. Nokia, Inc., 347 F. App'x 568, 569 (Fed. Cir. 2009). We have previously admonished Colida for his "pattern of repeatedly filing meritless infringement complaints and pursuing appeals when the accused designs bear no realistic similarity to his

design patents," Colida v. Sharp Elecs. Corp., 125 F. App'x 993, 996 (Fed. Cir. 2005); see also Nokia, 347 F. App'x at 571, and imposed sanctions against him, see Colida v. Sanyo N. Am. Corp., No. 2004-1287, 2004 WL 2853034 (Fed. Cir. Dec. 2, 2004). The Southern District of New York has even issued an injunction, which we affirmed, preventing Colida from filing any new infringement suits in that district relating to his four design patents without first obtaining permission from the district court. See Nokia, 347 F. App'x at 571.

Once the District of New Jersey denied Colida's in forma pauperis application, he was not free to take a second, third, or fourth bite at the apple in other courts. Under the circumstances of this case, we could, and perhaps should, vacate our earlier order granting leave to proceed in forma pauperis. However, in the interest of expedition, we simply affirm the district court's denial of leave to proceed in forma pauperis.