# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TONY COLIDA,	)
	)
       Plaintiff,	)
	)
vs.	)	Case No. 09 C 1786
	)
PANASONIC CORP. OF	)
NORTH AMERICA,	)
	)
       Defendant.	)

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 23, 2009, Tony Colida filed suit against Panasonic Corporation of America ("Panasonic") for infringement of U.S. Design Patent No. 321,184. Plaintiff requested leave from the Court to proceed *in forma pauperis*. The Court granted the motion on June 5, 2009.

Panasonic then moved to dismiss the case as frivolous or to transfer it to the District of New Jersey, where Mr. Colida had previously pursued similar suits. Panasonic made the motion pursuant to 28 U.S.C. § 1915(e)(2)(B)(I), which states that a court shall dismiss a case it has allowed to proceed *in forma pauperis* if the court determines that the action is "frivolous or malicious." Panasonic contended that Mr. Colida's suit continued a long history of harassment and that the suit was identical to an action Mr. Colida brought in the District of New Jersey in 2005. A judge of that court denied Mr. Colida leave to proceed *in forma pauperis*. Mr. Colida unsuccessfully appealed the denial of his request to proceed *in forma pauperis* and also filed a fresh

suit in the District of New Jersey, making the same underlying allegations. On March 31, 2009, a judge of that court dismissed Mr. Colida's suit as frivolous, finding it suit to be "repetitious litigation of virtually identical causes of action." *Colida v. Panasonic Corp. of N. Am.,* No. 09-1316 (JLL), Order of Mar. 31, 2009 at 1.

Upon consideration of Panasonic's motion, this Court vacated its order granting Mr. Colida leave to proceed *in forma pauperis*. The Court issued a new order on September 8, 2009 in which it gave Mr. Colida fourteen days to pay the filing fee in full or face dismissal of his complaint without prejudice. When Mr. Colida failed to pay, this court dismissed the complaint on October 5, 2009. Mr. Colida then appealed this Court's decision denying leave to proceed *in forma pauperis*. The United States Court of Appeals for the Federal Circuit recently affirmed. Mr. Colida has now paid the filing fee in full and has moved to reinstate his case. Panasonic opposes the motion.

**Discussion**

Panasonic contends that Mr. Colida is required to meet the standard for vacating a judgment, under Federal Rule of Civil Procedure 59(e). To vacate a judgment a judgment under Rule 59(e), a party must show a manifest error of law or fact, or newly discovered evidence. *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A dismissal without prejudice, however, is not a judgment. *See Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005). (Although this is a patent infringement case, because this is a procedural issue not specific to patent law, regional circuit law applies. *See Aero Products International, Inc. v. Intex Recreation Corp.,* 466 F.3d 1000, 1016 (Fed. Cir. 2007); *Advanced Cardiovascular Systems, inc. v.*

2

*Medtronic, Inc.*, 265 F. 3d 1294, 1303 (Fed. Cir. 2001).) Because the Court's dismissal without prejudice of Mr. Colida's complaint was not a judgment, Rule 59(e) does not apply.

Although Mr. Colida's repeated identical filings conceivably may be malicious or frivolous, the Court does not have the authority to dismiss Mr. Colida's case on the merits at this stage. As the Supreme Court has stated, "a complaint may not be dismissed simply because the court finds the plaintiff's allegations merely unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir. 1987) (vacating a district court's *sua sponte* dismissal of a case after the plaintiff paid the required filing fee). For this reason, the Court grants Mr. Colida's motion to reinstate the case.

That said, there is a good chance that Mr. Colida's suit is barred by the doctrine of claim preclusion, or *res judicata*. Specifically, if the court in New Jersey dismissed Mr. Colida's suit as frivolous or malicious, that likely was a judgment on the merits that Mr. Colida cannot avoid simply by filing a new suit. For this reason, the Court will order Mr. Colida to show cause why the case should not be dismissed by reason of claim preclusion and will not require an answer to the complaint or permit discovery until that issue is resolved. Panasonic is also free to seek sanctions to the extent permitted by law – including an injunction against further suits, *see, e.g., Portman v. Andrews*, 249 F.R.D. 279, 283-84 (N.D. Ill. 2007) – if it believes Mr. Colida's current suit is frivolous or malicious.

**Conclusion**

For the reasons stated above, the Court grants Mr. Colida's motion to vacate the earlier order of dismissal without prejudice and to reinstate his case [docket no. 33]. The Court defers filing of a response to the complaint. Mr. Colida is ordered to show cause in writing by no later than August 5, 2010 why judgment should not be entered against him based on the doctrine of claim preclusion, or *res judicata*. Panasonic may file a response to Mr. Colida's submission by no later than August 12, 2010. The Court will rule by mail.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 21, 2010