Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1786 | **DATE** | 9/20/2010 |
| **CASE TITLE** | Colida vs. Panasonic Corp. of N. Amer., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court vacates its earlier order directing plaintiff to show cause why the case should not be dismissed based on claim preclusion. The Court denies defendants' motion for sanctions [# 46] as premature and denies plaintiff's motion for appointment of counsel [# 44] as described below. All discovery is to be completed by 1/31/11. The deadline for filing dispositive motions is 2/21/11, though any party may file a dispositive motion earlier than that if it believes that to be appropriate. The case is set for a status hearing in open court on 2/24/11 at 9:30 a.m. Plaintiff and counsel for defendants are directed to appear in person at that time.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

In a previous order, the Court reinstated plaintiff Tony Colida's case but directed him to show cause why judgment should not be entered against him on the ground of claim preclusion, or *res judicata*.

Other courts – in particular, courts in the District of New Jersey – have dismissed prior suits Colida filed on the same or similar claims. Most of those dismissals, however, involved whether Colida was entitled to proceed *in forma pauperis*. Dismissal of a case in connection with the denial of an application to proceed *in forma pauperis* is not a merits dismissal, as the Court noted in its prior order. *See Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005). This leaves only Colida's first suit in the District of New Jersey, *Colida v. Matsushita Elec. Corp. of N. Amer.*, Civ. No. 03-2094 (WGB), which he filed against a predecessor of the defendant in the present case. The judge in that case granted summary judgment of non-infringement against Colida. *See id.*, Opinion dated Mar. 26, 2004 (available on PACER). That decision, however, concerned two different patents from the one in this case, and is concerned a particular phone made by Matsushita, the "GU87" phone. The current case involves a different phone, the KX-TG 6502 phone. *See* Compl. ¶ 8. Thus the ruling in that case is not preclusive of Colida's claim in this case – at least from what the Court can determine at this time. For this reason, the Court vacates the order to show cause.

Defendants' motion for sanctions is premature, because it assumes the current case lacks merit. That may be so, but the Court is not in a position to so determine at this time. For this reason, the Court denies without prejudice defendants' motion for sanctions [# 46].

The Court also denies plaintiff's motion for appointment of counsel. First of all, Colida does not have a legal right to have counsel appointed to represent him. Second, the Court is unpersuaded that Colida is unable to litigate the case on his own, without counsel. It appears that he has litigated numerous cases without counsel, and he has been able to file articulate and coherent briefs and submissions in the present case.

| STATEMENT |
|---|
| The current case appears to be relatively simple – it involves a design patent – and for that reason there is no need for lengthy pretrial proceedings. The Local Patent Rules do not by their terms apply to design patent cases, *see* N.D. Ill. LPR 1.1 (rules apply to "utility patent" cases), and there is no reason to impose a schedule of that length and complexity in this present case. All discovery is to be completed by January 31, 2011. The deadline for filing dispositive motions is February 21, 2011, though any party may file a dispositive motion earlier than that if it believes that to be appropriate. The case is set for a status hearing in open court on February 24, 2011 at 9:30 a.m. Plaintiff and counsel for defendants are directed to appear in person at that time. |