# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1786 | **DATE** | 5/24/2011 |
| **CASE TITLE** | colspan="3" | Colida vs. Panasonic Corp. of N. Am., et al. |

**DOCKET ENTRY TEXT**

The Court denies plaintiff's motion for reconsideration [dkt. no. 94] for the reasons stated below. The Court also hereby issues a corrected Memorandum Opinion and Order to correct a typographical error at page 7, in the first line of the second full paragraph (changing the word "evidentiary" to "evidently").

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Tony Colida has moved for reconsideration of the Court's decision dated May 3, 2011. The Court denies the motion for the following reasons:

1. Mr. Colida contends that the Court considered "inadmissable [sic] correspondence" that was "never filed with the court" until it requested, post-hearing, submission of the exhibits. That allegation is untrue. After the hearing, the Court entered an order stating that it had misplaced its copies of the exhibits the parties had introduced at the hearing. The parties then submitted those exhibits for the record. The Court considered only the exhibits admitted at the hearing, none of which were objected to at the time.

2. Mr. Colida now submits an additional exhibit which he says confirmed that his retained "arbitrator," Mr. Singer, "admitt[ed] that he sent myself that email stating that 'they will make me bleed in court and I will wait thirty years for any judgment.'" Pl.'s Mot. for Reconsideration at 1. The Court does not read the exhibit that way. In the e-mail exchange, Mr. Singer repeatedly *denies* the characterization of his exchanges with Panasonic's counsel that Mr. Colida repeatedly tried to advance and get Mr. Singer to adopt. Mr. Singer clearly advised Mr. Colida in his e-mails that Panasonic's attorneys did not threaten him and that any characterization he had given to Mr. Colida was simply Mr. Singer's own opinion or assumption. The Court does not see this as an admission by Mr. Singer that Panasonic's attorneys threatened him, *or that he told Mr. Colida that Panasonic's attorneys had threatened him.* Yet, as the Court noted in its decision, Mr. Colida repeatedly stated to the Court under oath that Panasonic's attorneys had made threats to him both directly via phone and indirectly via Mr. Singer. *See* Decision at 8-9. These statements were false, and knowingly so. In short, the Court adheres to the conclusions it reached in its May 3 decision.

| | Courtroom Deputy Initials: | mk |
|---|---|---|