IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY COLIDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 1786 |
| ) | |
| PANASONIC CORP. OF NORTH ) | |
| AMERICA and PANASONIC CORP., ) | |
| ) | |
| Defendants. ) | |

**CORRECTED**
**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Tony Colida filed this suit against Panasonic Corp. of North America and Panasonic Corp. (collectively Panasonic) for alleged infringement of U.S. Design Patent No. 321,184, for a portable cellular telephone handset. The patent was issued to Colida in 1991. For the reasons stated below, the Court dismisses the case with prejudice as a sanction for Mr. Colida's misconduct.

**Background**

Along with his complaint, Mr. Colida filed an application to proceed *in forma pauperis* in which he stated under penalty of perjury that he was unemployed and had last been employed in 1999; his only income consisted of monthly social assistance benefits of a little over $700 per month from the government of Quebec, Canada (where he lives); he had no bank accounts; and he owned no real estate, stocks, bonds, financial instruments, automobiles, or "any other thing of value." *See* Dkt. No. 3. Relying on these representations, the Court granted Mr. Colida's application.

Panasonic then moved to transfer the case to the District of New Jersey or to dismiss it, arguing that this suit repeated claims that Mr. Colida had pursued in that district in 2005. After considering both sides' submissions, the Court entered and continued the motion but vacated its earlier order granting Mr. Colida's *in forma pauperis* application. The Court's order stated:

> Panasonic has moved the Court to dismiss the case on the ground that it is frivolous or, in the alternative, to transfer it to the District of New Jersey, where Mr. Colida has pursued similar claims against Panasonic.
>
> Under 28 U.S.C. §1915(e)(2), a court "shall dismiss" a case in which it has granted leave to proceed *in forma pauperis* if the court determines that the allegation of inability to pay is untrue or the action "is frivolous or malicious," fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.
>
> In support of its motion to dismiss, Panasonic contends that this suit repeats claims that Mr. Colida pursued against Panasonic in the District of New Jersey in 2005. A judge in that court denied Mr. Colida leave to proceed *in forma pauperis*. It is not entirely clear what happened in the district court after that – in other words, whether the court also dismissed Mr. Colida's claims on the merits or instead simply denied him leave to proceed *in forma pauperis* and, perhaps, dismissed the underlying claims without prejudice. "Although a district judge has discretion to deny leave to proceed in forma pauperis and to dismiss a claim without prejudice, *see Denton v. Hernandez*, 504 U.S. 25 (1992), a dismissal with prejudice is proper only when the action is frivolous or malicious. *Neitzke v. Williams*, 490 U.S. 319 (1989)." *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992). Mr. Colida appears to have attempted to take an appeal to the United States Court of Appeals for the Federal Circuit from the decision of the court in New Jersey, but from what this Court can tell that appeal concerned only the district court's denial of leave to proceed *in forma pauperis*. Based upon the record before the Court, the Court cannot say that the court in New Jersey dismissed Mr. Colida's suit on the merits.
>
> That said, even if all the New Jersey court did was to deny leave to proceed *in forma pauperis*, that decision is still significant for present purposes. As a different judge in the District of New Jersey concluded when Mr. Colida filed a new suit there and again sought leave to proceed *in forma pauperis*, "[p]laintiff is not entitled to take a third bite at the apple

2

> simply by re-filing the application with a different Judge . . . ." *Colida v. Panasonic Corp. of N. Am.*, No. 09-1316 (JLL), Order of Mar. 31, 2009 at 2. Mr. Colida's remedy for the first New Jersey court's allegedly improper denial of his application to proceed *in forma pauperis* was reconsideration and/or appeal (both of which he attempted and, evidently, lost), not filing a fresh suit and a fresh *i.f.p.* application in a different district.
>
> In his response to Panasonic's motion to dismiss, Mr. Colida does not contend that his current suit is any different from the two he filed, or attempted to file, in the District of New Jersey. Rather, he contends that the court in New Jersey "has been prejudice[d] against myself because in view of my poverty situation it denied my right to proceed in forma pauperis and I believe their [sic] is a conspiracy going on with the District Court of New Jersey and [it] has acted in prejudice against myself . . . ." Pl. Resp. at 1. In other words, Mr. Colida is expressly asking for a new opportunity to do what the District of New Jersey ruled he cannot do, that is, proceed with the case *in forma pauperis*. For the reasons the Court has described, an appeal was the remedy for any error that the District of New Jersey may have committed, not a new application to proceed *in forma pauperis* filed in a different court with the hope of a different outcome.
>
> For these reasons, the Court vacates its order of June 5, 2009 granting Mr. Colida leave to proceed *in forma pauperis*. Unless Mr. Colida pays the filing fee in full by September 22, 2009, the Court will dismiss his action without prejudice. The Court enters and continues defendants' motion to dismiss or in the alternative to transfer.

Order of Sept. 8, 2009 (dkt. no. 19).

Mr. Colida did not pay the filing fee, so the Court dismissed the case without prejudice. In May 2010, the United States Court of Appeals for the Federal Circuit affirmed this Court's ruling denying *in forma pauperis* status. Mr. Colida then paid the district court filing fee and sought reinstatement of the case. In July 2010, the Court granted the motion over Panasonic's opposition but ordered Mr. Colida to show cause why the case should not be dismissed under the doctrine of claim preclusion based on the District of New Jersey's dismissal of his prior suit against Panasonic. *See Colida v.*

3

*Panasonic Corp. of N. Am.*, No. 09 C 1786, 2010 WL 2891646 (N.D. Ill. July 21, 2010). After considering the parties' submissions, however, the Court declined to dismiss the case, because it appeared that the earlier suit concerned different patents and a different allegedly infringing handset than those involved in this case. *See* Order of Sept. 20, 2010 (dkt. no. 52).

In December 2010, Panasonic filed a motion for summary judgment on the issue of infringement. It noticed the motion for presentment in early January 2011.

On December 21, 2010, Panasonic's counsel sent a letter to the Court, with a copy to Mr. Colida, to apprise the Court of e-mail correspondence counsel had received that date from Mr. Colida. The Court will discuss the contents of the e-mails momentarily. The next day, the Court entered the following order:

> Defense counsel has forwarded to the Court, by letter with a copy to plaintiff, a series of abusive, vulgar, inflammatory, and racist e-mails that plaintiff appears to have sent to defense counsel. Defense counsel is directed to file the letter and attachments in the public record. Plaintiff is ordered to show cause in writing, by no later than 1/3/2011, why the Court should not dismiss the case on the ground that he appears to be abusing the court process via his "interaction" with defense counsel. The Court will not extend this date; if plaintiff's submission is not received by 1/3/2011, the Court will act accordingly. In addition, the Court notes that defendants have noticed for presentment on 1/11/2011 a motion for summary judgment and for sanctions. The Court sets the case for a hearing on the show cause order on 1/11/2011 at 9:30 a.m. and orders plaintiff to appear in person. The Court acknowledges that plaintiff's address is in Canada, but he chose to file suit in this Court. If plaintiff does not appear as ordered, the Court may dismiss the case for want of prosecution and/or as a sanction.

Order of Dec. 22, 2010 (dkt. no. 59).

Mr. Colida filed a flurry of submissions in response to the Court's order. These included multiple submissions in which he sought to appear at the show cause hearing

by telephone, claiming that he was in fear that Panasonic's counsel would harm him. The Court will discuss these submissions in more detail momentarily. The Court rejected Mr. Colida's request and directed him to appear in person.

The Court held the initial hearing on the show cause order held on January 25, 2011. Despite the Court's order, Mr. Colida did not appear at the hearing. The Court nonetheless did not dismiss the case at that point but rather directed Panasonic to file a reply to Mr. Colida's submissions.

On January 21, 2011, the Court entered an order in which it noted that there was a factual dispute regarding the exchanges alleged to have taken place between Mr. Colida and Panasonic's counsel. The Court stated that "[t]o resolve the dispute, the Court sets the order to show cause for an evidentiary hearing" on February 24, 2011. Order of Jan. 21, 2011 (dkt. no. 70). The Court ordered Mr. Colida and defense counsel to appear at the hearing in person. Following the entry of this order, Mr. Colida submitted another flurry of written responses, in one of which he sought appointment of counsel and in several of which he again sought to appear by telephone, again claiming that he believed he would be in danger of harm if he appeared. The Court denied these requests in orders dated February 8 and February 10, 2011, finding that Mr. Colida had "offered no viable basis to support a claim that his safety will somehow be at risk" and that the Court was satisfied that Mr. Colida could effectively represent his own interests at the hearing. See Orders of Feb. 8, 2011 & Feb. 10, 2011 (dkt. nos. 74 & 77).

The Court held the evidentiary hearing on February 24, 2011. Three witnesses testified: Scott Timmerman and Tadashi Horie, two attorneys for Panasonic, and Mr.

Colida. The Court has considered the evidence and has made judgments regarding the credibility of each witness. The present order constitutes the Court's findings and conclusions.

## Discussion

After Mr. Colida obtained reinstatement of his case, he engaged the services of an individual named Paul Singer. Mr. Colida refers to Mr. Singer as a "third party arbitrator" whom he retained to try to get Panasonic to enter into a settlement with him. Mr. Singer, who is not an attorney, appears to have attempted to function as a representative of Mr. Colida to engage Panasonic in settlement discussions.

Mr. Singer sent Panasonic's attorney Scott Timmerman correspondence in mid-October 2010 in which Mr. Singer made a $10 million settlement demand on Mr. Colida's behalf. Def. Ex. 1. Mr. Singer later left a phone message for Mr. Timmerman, who, in turn, sought instructions from Mr. Horie. Mr. Horie instructed Mr. Timmerman to find out from Mr. Singer whether he was an attorney representing Mr. Colida and not to communicate with Mr. Singer on Panasonic's behalf if he was not an attorney. Def. Ex. 2.

On October 21, 2010, Mr. Timmerman spoke with Mr. Singer, who said he was not an attorney but was "a third party arbitrator attempting to reach a settlement." Def. Ex. 3. Mr. Timmerman advised Mr. Singer that if he was not an attorney, Mr. Timmerman could not speak to him about the case. Mr. Singer replied that he would advise Mr. Colida that Panasonic did not wish to settle. *Id.* Mr. Timmerman told Mr. Singer that he would not speak with Mr. Singer about settlement or any other aspect of the case. *Id.* After October 21, Panasonic's lawyers had no further communication with

Mr. Singer and heard nothing else from him.

Mr. Colida then started to make settlement demands directly to Panasonic's attorneys, largely or perhaps entirely via e-mail. The volume of these e-mails increased in December 2010. Panasonic's attorneys did not reply to these e-mails and did not communicate with Mr. Colida about them.

Mr. Colida evidently became outraged at the absence of a response to his settlement demands. On December 21, 2010, he sent a flurry of e-mails to Mr. Horie and Mr. Timmerman. These were the e-mails that provided the basis for the Court's order to show cause. The e-mails included the following statements, which the Court sets forth verbatim (including misspellings and typographical errors):

> MR HORIE,
>
> YOU ESPECIALLY I GOING TO EAT YOU FOR BREAKFAST, I HATE YOU .... TONY

Def. Ex. 5, e-mail of Dec. 21, 2010 at 12:29:55.

> FUCKEN JAPANESEE YOU THINK I FORGET WHAT YOU TRIED TO DO TO US IN PEARL HARBOUR!!!!

*Id.*, e-mail of Dec. 21, 2010 at 12:32:15.

> WE KNOW YOU WORK WITH THE TERRORIST

*Id.*, e-mail of Dec. 21, 2010 at 12:35:04.

> STUPID

*Id.*, e-mail of Dec. 21, 2010 at 12:36:05.

> THE UNITED STATES CHARGE YOU WITH TERRORISM CONSPIRACY TO COMMIT MURDER ITS OVER!

*Id.*, e-mail of Dec. 21, 2010 at 12:38:59.

>YOU STUPID JAPANESE PEOPLE ITS OVER YOU HAVE TO PAY!!!!!!!!!
>TONY

*Id.*, e-mail of Dec. 21, 2010 at 12:41:04.

>JAPANESE PIECE OF SHIT PEOPLE!

*Id.*, e-mail of Dec. 21, 2010 at 12:46:12.

>SEE YOU IN COURT JACKASS........................ TONY

*Id.*, e-mail of Dec. 21, 2010 at 12:47:11.

>YOUR BOTH CRIMINAL THE APPLE DOES'NT FALL FAR FROM THE TREE>>>>>>>>>>>>>>>>>>>>TYCOON

*Id.*, e-mail of Dec. 21, 1010 at 14:02:27.

>100 MILLION JACKASS!!!!!!!!!!!!!

*Id.*

In sworn submissions he filed with the Court following the order to show cause, Mr. Colida claimed that he sent these e-mails because Panasonic's attorney Scott Timmerman had told Mr. Singer that Panasonic would make Mr. Colida "bleed in Court and I [Mr. Colida] will wait thirty years before I collect any judgment from this Court." *See* Pl.'s Affirmation Reply at 1 (dkt. no. 73), Pl.'s Affirmation in Support of Response at 1 (dkt. no. 76); Pl.'s Amended Affirmation Reply at 1 (dkt. no. 78). In another series of sworn submissions, Mr. Colida said that he wrote the e-mails "in <u>response</u> to Defendant's attorney namely Scott Timmerman <u>threatening</u> telephone conversation towards myself during our settlement efforts that failed, because I <u>did not</u> accept his offer of $50,000. (fifty thousand dollars), Mr. Timmerman, threaten my by saying 'that if I do not accept the offer of $50,000., they will make me <u>bleed</u> to death in Court.'" Pl.'s Affirmation Resp. to Order of Dec. 22, 2010 (dkt. no. 64) at 1 (emphasis in original).

*See also* Pl.'s Amended Affirmation Resp. to Order of Dec. 22, 2010 (dkt. no. 65) at 1 (saying that "Mr. Timmerman threatened myself through Singer Bach & Associates apparently because I did not accept his offer of low ball offer of $50,000.").

Mr. Colida made all of these statements under penalty of perjury. All of them were lies. Neither Mr. Timmerman nor anyone else acting for Panasonic communicated to Mr. Colida in words or substance, either directly or via Mr. Singer, that they would make Mr. Colida "bleed to death" in court. Neither Mr. Timmerman nor anyone else acting for Panasonic made any threatening comments or comments to Mr. Colida directly or via Mr. Singer that Mr. Colida could have viewed as a threat. And neither Mr. Timmerman nor anyone acting for Panasonic ever made any sort of settlement offer, let alone the $50,000 offer that Mr. Colida swore they had made.

The Court further finds that Mr. Colida lied deliberately. Mr. Colida's own submissions reflect that he has a penchant for mischaracterizing his own settlement proposals as having been made by Panasonic. In a sworn affirmation that he filed with the Court on February 7, 2011 (dkt. no. 76), Mr. Colida said under penalty of perjury that he had received "an e-mail from Mr. Singer indicating that Defendant's other counsel (Tadashi Horie), has called Mr. Singer and apparently made an offer of $1,000,000.00, (one million dollars) to settle the lawsuit and issue a global license to the defendants, and a copy of attached as Plaintiff's Exhibit A, dated January 26, 2011." Pl. Ex. 1 at 1. But the communications from Mr. Singer to Mr. Colida said nothing of the kind. Rather, in the very exhibit Mr. Colida that cited as support, Mr. Singer first wrote Mr. Colida saying that an associate had received a call "from a different Panasonic Attorney whom I believe wishes to discuss now resolution," but *not*

9

identifying any settlement proposal, and later wrote Mr. Colida and made reference to a conversation "in which I [i.e., Mr. Singer] was seeking $1,000,000.00 to reach full settlement . . . ." *See* Pl. Ex. 1, Singer e-mails of Jan. 26, 2011 at 6:08:22 PM & 8:58:40 PM. In short, Mr. Colida's own submission made it clear that Panasonic had not made the settlement proposal, contrary to what Mr. Colida swore.

More importantly, Mr. Colida continued to make sworn representations to the Court to the effect that Panasonic's attorneys had threatened via Mr. Singer to "make him bleed" *after* Mr. Singer specifically told Mr. Colida that these representations were untrue. The exhibits offered at the hearing reflect that on January 27, 2011, Panasonic's counsel wrote to Mr. Singer and asked him to comment on the truthfulness of Mr. Colida's rendition of what Mr. Singer had said about his communications with Mr. Timmerman. *See* Def. Ex. 5, T. Horie e-mail of Jan. 27, 2011 at 9:32 AM. Mr. Singer replied to Mr. Horie that Mr. Colida's "written statement of what transpired between myself and Mr. Timmerman of your office is completely not true. My conversation with Mr. Timmerman lasted no more than 30 seconds, as he asked if I was an Attorney,a nd when I advised that I was not, he advised me that he could not speak to me . . . . that was the extent of our conversation." *Id.*, P. Singer e-mail of Jan. 27, 2011 at 12:58 PM. At the same time, Mr. Singer forwarded Mr. Horie's e-mail to Mr. Colida and stated:

> Mr. Colida ----- This really bothers me as this did not transpire at all, and I feel that you are using my name and false commentary for your sole purpose. I advised you that Mr. Timmerman virtually had NO CONVERSATION with me once he ascertained that I was not an Attorney. He advised me that he could not speak with me. I am not sure of the reason for your sworn mis-truth here, however if I am placed under oath by the court, I will advsie [sic] the court precisely of my very brief 30 second conversation with Mr. Timmerman.

> I do not like your giving false information to the court with my name attached. I will not respond to Mr. Horie, but it seems as though you have placed me at some risk, as well as jeopardized your lawsuit with your false sworn testimony.

Pl. Ex. 1, P. Singer e-mail of Jan. 27, 2011 at 1:00:08 PM. Yet even after receiving this unambiguous warning from Mr. Singer, Mr. Colida filed with the Court a sworn affirmation in which he repeated his statement that Mr. Timmerman had told Mr. Singer that Panasonic would make him "bleed in court." *See* Pl.'s Amended Affirmation Reply at 1 (dkt. no. 78).

Mr. Colida also gave false testimony on this topic under oath at the show cause hearing. Specifically, he testified under oath that he had received an e-mail from Mr. Singer in which Mr. Singer reported that Panasonic would make him "bleed in court" and that he would have to wait thirty years for a judgment. Feb. 24, 2011 Tr. 46. When the Court inquired of Mr. Colida whether he had that e-mail, however, he claimed that he had "deleted [it] by mistake." *Id.* The Court finds, after considering all the evidence and judging Mr. Colida's credibility, that this testimony by Mr. Colida was untrue, and knowingly so.[1]

A court has the inherent authority to sanction a litigant for bad faith conduct during litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). This authority "must be exercised with restraint and discretion," *id.*, but it includes the power to dismiss a lawsuit in an appropriate case. *Id.* at 45.

---

[1] The Court also notes that when pushed at the hearing to state whether Mr. Singer had attributed the "bleed in court" comments to Panasonic's lawyers, Mr. Colida waffled, saying "I'm not sure." *Id.* 46-47. This was a virtual admission that his repeated sworn statements to the Court that Panasonic's representatives had said exactly that were untrue.

Mr. Colida's vile statements, even if made in a paroxysm of anger, are reflective of an attempt on his part to abuse the legal process via his prosecution of this lawsuit. He does not get a free pass simply because he is a *pro se* litigant or simply because his statements to Panasonic's lawyers were not made in filings with the court. *See, e.g., Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433717, at *11-12 (N.D. Ill. July 2, 2002) (imposing sanction for party's sending of threatening letters to opposing counsel); *Quela v. Payco Gen'l Am. Credits, Inc.*, No. 99 C 1904, 2000 WL 656681, at *1-2 (N.D. Ill. May 18, 2000) (entering default judgment as a sanction after defendants coerced employee to offer false testimony); *Rodriguez v. M&M/Mars*, No. 96 C 1231, 1997 WL 349989, at *2 (N.D. Ill. June 23, 1997) (dismissing case with prejudice after plaintiff lied in a deposition).

In any event, Mr. Colida's misconduct did not stop with his reprehensible statements to Panasonic's attorneys. Rather, as the Court has found, Mr. Colida knowingly made repeated false statements to the Court under penalty of perjury, both in writing and orally at the show cause hearing. "Perjury committed in the course of legal proceedings is a fraud on the court," and a court is permitted to dismiss a case as a sanction for such misconduct. *See, e.g., Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306-07 (7th Cir. 2002). Mr. Colida's repeated attempts to mislead the Court into believing that there was some justification, however thin, for his actions by falsely attributing oppressive conduct to Panasonic's lawyers constitutes severe misconduct that warrants the dismissal of his case, even though that is a severe sanction.

Mr. Colida is not writing on a clean slate. In its decision affirming this Court's ruling revoking Mr. Colida's *in forma pauperis* status, the Federal Circuit noted that it had "previously admonished Colida for his 'pattern of repeatedly filing meritless infringement complaints and pursuing appeals when the accused designs bear no realistic similarity to his design patents,'" and that it had previously imposed sanctions against him. *Colida v. Panasonic Corp. of N. Am.*, 374 Fed. Appx. 37, 39 (Fed. Cir. 2010) (quoting *Colida v. Sharp Elecs. Corp.*, 125 Fed. Appx. 993, 996 (Fed. Cir. 2005), and citing *Colida v. Sanyo N. Am. Corp.*, No. 2004-1287, 2004 WL 2853034 (Fed. Cir. Dec. 2, 2004)). Given his extensive litigation experience and his prior history of admonishments and sanctions, Mr. Colida was certainly on notice of the consequences of litigation misconduct. And his repeated voluntary invocation of the "penalty of perjury" in his filings with the Court makes it equally apparent that he was aware of the legal prohibition against lying under oath.

In sum, the evidence clearly and convincingly shows that Mr. Colida made repeated racist and abusive statements to opposing counsel relating to the litigation and then, when called upon to explain his conduct, repeatedly lied under oath in numerous written submissions and in oral testimony before the Court. Dismissal of Mr. Colida's case is an appropriate and proportionate sanction for his misconduct.

### Conclusion

All remaining motions are terminated as moot [# 52 & 55]. For the reasons stated above, the Court directs the Clerk to enter judgment dismissing this case with

prejudice.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 3, 2011 (corrected May 24, 2011)